IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DALE BRYANT                                                        PLAINTIFF

v.                           Case No. 6:15-cv-6085

NURSE DENHAM                                       DEFENDANT

## ORDER

Before the Court is the Report and Recommendation filed July 25, 2017, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 33. Judge Bryant recommends that Defendant Nurse Denham's ("Defendant") Motion for Summary Judgment (ECF No. 17) be granted and Plaintiff's Amended Complaint (ECF No. 6) be dismissed with prejudice on the merits. Plaintiff Dale Bryant ("Plaintiff") has filed timely objections to the Report and Recommendation.[1] ECF No. 34. The Court finds this matter ripe for its consideration. After reviewing the record *de novo*, the Court adopts Judge Bryant's Report and Recommendation as its own.

## I. BACKGROUND

Plaintiff is an inmate who was formerly incarcerated in the Ouachita River Unit of the Arkansas Department of Correction ("ADC") in Malvern, Arkansas.[2] In his Amended Complaint, Plaintiff alleges that on October 25, 2014, he suffered from headaches, nausea and vomiting due to the discontinuance of his blood pressure medication. Plaintiff alleges that he informed a

---

[1] Plaintiff requests that the Court grant him leave to file a supplement to his objections. Because the documents that Plaintiff wishes to use to supplement his objections have already been admitted into the record, Plaintiff's request is hereby denied.

[2] Plaintiff is currently incarcerated in the Clark County Detention Center in Las Vegas, Nevada.

barracks officer of his symptoms at 11:30 p.m. and requested to be taken to the unit hospital to receive his prescribed shots of Phenergan and Toradol. According to Plaintiff, the officer "deferred the situation" to Defendant, the night pill call nurse.

Defendant first arrived at Plaintiff's cell at approximately 1:00 a.m. with a Phenergan pill. At the time, Defendant maintained that he was unable to inject Plaintiff with a Phenergan shot because he did not have any syringes. Defendant returned to administer an injection of Phenergan at 3:30 a.m. Defendant did not, however, administer a Toradol injection in either of his visits to Plaintiff's cell. Defendant informed Plaintiff that he would return with a Toradol injection; however, Defendant failed to do so before the end of his shift. The nurse who relieved Defendant gave Plaintiff a Toradol injection at the 7:00 a.m. pill call.

Plaintiff subsequently filed a grievance against Defendant. On August 20, 2015, Plaintiff filed the instant 42 U.S.C. § 1983 action, alleging that Defendant was deliberately indifferent to his medical needs in violation of the Eighth Amendment to the United States Constitution. Plaintiff's Amended Complaint proceeds against Defendant in his individual capacity and seeks compensatory and punitive damages. On September 26, 2016, Defendant moved for summary judgment on the basis that Defendant was not deliberately indifferent to Plaintiff's medical needs. Specifically, Defendant argues that Plaintiff's medical needs were not serious, and Defendant did more than his job required in order to treat Plaintiff's needs.

## II. LEGAL STANDARD

When a party moves for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Krenik v. Cty. of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995). This is a "threshold inquiry of . . . whether there is a need for trial — whether, in

other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); s*ee also Agristor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987). A fact is material only when its resolution affects the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id*. at 252.

The Court must view the evidence and the inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id*. The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik*, 47 F.3d at 957. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256.

### III. DISCUSSION

"The Eighth Amendment 'prohibits the infliction of cruel and unusual punishments on those convicted of crimes.'" *Nelson v. Corr. Med. Serv.*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991)). The Eighth Amendment's prohibition of cruel and unusual punishment extends to protect prisoners from deliberate indifference to serious medical needs. *Luckert v. Dodge Cnty.*, 684 F.3d 808, 817 (8th Cir. 2012). A prison official is deliberately indifferent if he knows of and disregards a serious medical need or a substantial risk to a prisoner's health or safety. *Nelson*, 583 F.3d at 528 (internal citation and quotation marks omitted). "Such indifference may be 'manifested by prison doctors in their response to the

prisoner's needs or by [other prison officials] in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.'" *Livingston v. Warren Cty.*, No. 4:15-CV-01318 AGF, 2017 WL 2535699, at *4 (E.D. Mo. June 12, 2017) (quoting *Estelle v. Gamble,* 429 U.S. 99, 104-105 (1976)). The Eighth Circuit has held that there is both an objective component and a subjective component to a claim of deliberate indifference, which requires that (1) the plaintiff demonstrate that he suffered from objectively serious medical needs; and (2) that the prison officials actually knew of but deliberately disregarded those needs. *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000).

In the present case, Judge Bryant assumed, *arguendo*, that Plaintiff suffered from objectively serious medical needs as a result of the headache, nausea, and vomiting he experienced on October 25, 2014. However, Judge Bryant recommended that Defendant's motion for summary judgment be granted because Plaintiff failed to demonstrate that Defendant actually knew of and deliberately disregarded Plaintiff's needs. Thus, at issue is whether Plaintiff has demonstrated that Defendant knew of but deliberately disregarded his serious medical needs.

Judge Bryant concludes that Defendant's failure to administer the Toradol injection was not deliberately indifferent. Specifically, Judge Bryant found that Defendant was not authorized to administer the prescription. Judge Bryant points to the declaration of Nannette Vowell, M.D., a licensed physician that provides medical services to inmates within the Ouachita River Unit. Dr. Vowell's affidavit, as well as the prescription, indicates that the Toradol injection could only be administered in the Day Clinic. In addition, Dr. Vowell's affidavit opines that Defendant did not have access to the pill room where the Toradol or the syringes used to inject the medication were located.

4

Judge Bryant made a similar conclusion regarding the Phenergan administration. First, Judge Bryant notes that Plaintiff only had to wait a few hours to receive an injection, and Dr. Vowell's affidavit indicates that there was no medical harm caused by this delay. In addition, Dr. Vowell's affidavit reveals that Defendant administered an oral dose of Phenergan, despite an expired order, as Plaintiff's oral prescription of Phenergan expired the week before the incident in question. Moreover, the declarations of Dr. Vowell and Dr. Gregory McKinney, another licensed physician at the Ouachita River Unit, maintain that Defendant went beyond his job duties to obtain a syringe and an injection of Phenergan to assist Plaintiff. According to both physicians, Defendant was not required to administer a Phenergan injection pursuant to his job description.

In his objections, Plaintiff disagrees with Judge Bryant's conclusion that he has failed to meet the subjective prong of his deliberate indifference claim. The gravamen of Plaintiff's objections is that there are issues regarding the credibility of Defendant and his witnesses. Specifically, Plaintiff argues that Defendant "made a conscious decision to delay and deny the prescribed treatment," and "lied about why he refused to provide the treatment." ECF No. 34, p. 3. As evidence, Plaintiff draws the Court's attention to the different reasons that Defendant has offered for the delay in his medical treatment.

The subjective prong of deliberate indifference is an extremely high standard which requires a mental state more than gross negligence. *Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016). "It requires a mental state akin to criminal recklessness." *Id.* (internal citation and quotations omitted). "Even medical malpractice does not automatically constitute deliberate indifference." *Id.* "An inmate must demonstrate that a prison doctor's actions were 'so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care.'"

*Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1240-41 (8th Cir. 1997)).

Upon a *de novo* review of the record, the Court agrees with Judge Bryant's conclusion that there is no evidence in the record to establish that Defendant was deliberately indifferent to Plaintiff's medical needs. Specifically, Plaintiff has offered no proof to establish that Defendant's actions were so inappropriate to constitute intentional maltreatment or a refusal to provide essential medical assistance to Plaintiff. As Judge Bryant concludes, the evidence in the record demonstrates that Defendant went above his job duties to aid Plaintiff. Accordingly, Defendant is entitled to summary judgment as a matter of law.

## IV. CONCLUSION

Accordingly, the Court adopts the Report and Recommendation which recommends Defendant's Motion for Summary Judgment be granted on the merits. For the reasons stated herein, as well as those in the Report and Recommendation, Defendant's Motion for Summary Judgment (ECF No. 17) is hereby **GRANTED**. Plaintiff's Complaint (ECF No. 6) is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 1st day of September, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge